## MARTIN'S HEIRS vs. OVERTON.

APPEAL from the court of the sixth district.

An assignee or endorsee, must suffer compensation of what he owes in his own right.

MARTIN, J. delivered the opinion of the court. The plaintiffs claim the rent of a tract

of land rented, and the price of two mules, a <span>West'n District<br>Sept. 1823.</span>
stock of cattle, &c. sold by their ancestor to
the defendant.

He pleaded the general issue and compensation. They had judgment for $633, and he appealed.

Turnbull deposed, he rented land from the plaintiffs' ancestor: he does not know how much. He himself rented some part of it from the defendant, at from 4 to $5 per acre.

Mulhollan deposed the land rented was surveyed, and he believes there were 95 acres. Land rented well that year, he believes from 5 to $6 per acre. The defendant had two mules from the plaintiffs' ancestor, they were worth $150. He got all the cattle, bought by the plaintiffs' ancestor from Pannell. He saw them drove, but does not know how many there were.

Curtnod was present at this purchase; the defendant was to pay what the cattle cost at Pannell's sale. He thinks from 4 to $500 dollars. He thinks there were 95 acres in the field spoken of by Mulhollan.

Coneso deposed, the land in 1819 rented for $5 an acre. Martin gave $400, and there were 91 acres.

VOL. I (N. S.)          74

West'n District
  *Sept.* 1823.

MARTIN'S HEIRS
    *vs.*
  OVERTON.

The plaintiffs introduced the classification of their ancestor's debts.

The defendant offered sundry notes of the plaintiffs' ancestor, and of R. Martin, one of the plaintiffs.

We are of opinion that the plaintiffs have established a claim to the rent of 95 acres of land, at $5 00 a year—*i. e.* $475; the price of two mules $150; and the price of the cattle $400; the only certain sum sworn to, in all $1025. There are four plaintiffs; the share of each is $256 25 cents.

A note of R. Martin, one of the plaintiffs, for $127, is offered in compensation of his claim. It ought to be allowed, as he does not allege he sues as a beneficiary heir, and we cannot assume this fact from the classification; but without interest, as it was given after the debt, claimed by the plaintiffs, accrued.

Robert Martin is a claimant in *his own right*, although he claims as heir—*i. e.* the sum (if any) will be his own absolute property, although his claim results from a debt *originally* created by his ancestor; for as the amount will be exclusively and absolutely his own, any debt due *by him* may be set off. In the same manner that a plaintiff, who sues as as-

signee or endorsee, though he claims what was once due to his assignor or endorser, is bound to suffer the compensation of what he owes, on contracts entered with him.

A note of the plaintiffs' ancestor for $221 34, is to be allowed in compensation by all the heirs for their respective shares, as it reduces their ancestor's claim. It bears interest from a day anterior to its date, and this we have allowed up to the last day of the year 1819, when the rent became due, $16 59, which, added to the amount of the note, is $237 93.

One fourth of this sum, $59 43, is to be borne by R. Martin. This, with the amount of his own note, reduces his claim to $69 82.

Two notes, in which he and his ancestor are jointly bound, are next offered and the defendant claims to set off as much of their joint amount, as will cover the balance due to Robert, and this he has a right to do; so that Robert's claim is extinguished.

No interest is to be allowed on this note, as it became due after the plaintiffs' claim attached, and it extinguished it—*de jure pro tanto.*

The three fourths, due to the other heirs by the defendant, amount to $768 65. The de-

West'n District
Sept. 1823.

MARTIN'S HEIRS
vs.
OVERTON.

fendant has a right to compensation against this, for three-fourths of their ancestor's note; and $53 18 the balance due on the two notes, in which he was bound jointly with R. Martin, which leaves a balance to be divided among them, of $737 67.

It is therefore ordered, adjudged and decreed, that the judgment be annulled, avoided and reversed, and proceeding to give such a judgment, as in our opinion, ought to have been given below, it is ordered, adjudged and decreed, that the plaintiffs, William, Elizabeth and Anne, recover, from the defendant the sum of five hundred and thirty-seven dollars and seven cents, with costs in the district court; and that there be judgment against the plaintiff Robert, and he pay the costs of the appeal.

*Thomas* for the plaintiffs, *Bullard* for the defendant.